United States District Court
Southern District of Texas

**ENTERED**
August 16, 2022
Nathan Ochsner, Clerk

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON L SWINFORD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-2301 |
| | § | |
| COIL TUBING TECHNOLOGY, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Amended Motion to Strike Plaintiff's Infringement Contentions ("Motion to Strike") (Doc. #68), Plaintiff's Response (Doc. #72), Defendants' Reply (Doc. #74), Defendants' Amended Motion to Bifurcate ("Motion to Bifurcate") (Doc. #69), Plaintiff's and Third-Party Defendants' Response (Doc. #63, adopted by Doc. #77), and Defendants' Reply (Doc. #76). Having reviewed the parties' arguments and applicable law, the Court denies the Motion to Strike and Motion to Bifurcate.

This case has a long procedural history that has consistently addressed and delayed discovery regarding Plaintiffs' infringement contentions. This case was filed on June 26, 2019. Doc. #1. On August 30, 2019, the Court held a discovery hearing that addressed, among other issues, the production of documents related to Plaintiff's infringement contentions. The Court stayed discovery pending a ruling on Defendant's then-pending Motion to Dismiss regarding Plaintiff's alleged lack of standing. *See* Doc. #8. On October 1, 2019, the parties filed a Joint Discovery Case Management Plan, in which Plaintiff invoked Local Patent Rule 2-1(b) and requested that upon the lift of the discovery stay, Defendants "provide and produce to Plaintiff sufficient information and documents concerning each product, method or process specified by Plaintiff in its discovery requests served on July 5, 2019 . . . to enable Plaintiff to determine whether

to claim that the product, method or process infringes." Doc. #25 at 8.  Defendant responded that "all discovery and claim construction proceedings [were] premature until the Court [] ruled upon their Motion to Dismiss."  *Id.*  After additional briefing, the Court held that Plaintiff had standing to bring suit and denied Defendants' Motion to Dismiss.  Doc. #36 and Doc. #47.

Nine months later, Defendants simultaneously filed their Motion to Strike and Motion to Bifurcate, arguing that Plaintiff's preliminary infringement contentions were insufficient and that the Court should resolve the issue of patent ownership before any discovery regarding infringement is exchanged.  Doc. #68 and Doc. #69.  At a February 23, 2022 discovery hearing, Defendants stated that their Motion to Bifurcate would be moot if they were required to produce discovery regarding infringement before the issue of ownership was resolved.  In light of the fact that Plaintiff had filed its Motion for Summary Judgment on Patent Ownership the day before, the parties agreed that the Court would address the issue of patent ownership through summary judgment briefing and then address the pending discovery issues, Motion to Strike, and Motion to Bifurcate.  *See* Doc. #78.  The day before a May 13, 2022 motion hearing regarding Plaintiff's Motion for Summary Judgment on Patent Ownership, Defendants filed a  Motion to Disqualify Plaintiff's Counsel.  Doc. #93.  The motion hearing was reset so that the Court rule on Defendant's Motion to Disqualify, which the Court denied on June 16, 2022.  Doc. #101.  The Court finally held a hearing on the Motion for Summary Judgment, Motion to Strike, and Motion to Bifurcate on July 8, 2022 and denied Plaintiff's Motion for Summary Judgment soon thereafter.  Doc. #103. Plaintiff's discovery requests, Defendants' Motion to Strike, and Defendant's Motion to Bifurcate are now ripe.

Under Local Patent Rule 3-1, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions" that contain a

specific and separate identification of each accused instrumentality for each asserted claim, "including where possible: (1) each product, device, and apparatus identified by name or model number, and (2) each method or process identified by name, any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process." Local Patent Rule 3-1(b). Additionally, preliminary infringement contentions must contain "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that is allegedly governed by 35 U.S.C. § 112, ¶ 6, the identity of the structures, acts, or materials in the Accused Instrumentality that performs the claimed function." *Id.* Rule 3-1(c). "Each party's 'Preliminary Infringement Contentions'….will be that party's final contentions," unless "a party claiming patent infringement has good cause to believe that the material produced by an opposing party" requires amendment of said preliminary infringement contentions. Local Patent Rule 3-6(a). Such amendments can be made without leave of court and "must be served within a reasonable time after the opposing party's document production." *Id.* Additionally,

> [i]f warranted by the patent(s) and/or products in issue, the party claiming patent infringement ('claimant') may include in the Joint Case Management Report a statement that the claimant in good faith lacks sufficient information concerning the opponent's products or processes to provide the necessary specificity for the Preliminary Infringement Contentions (see P.R. 3-1). If the presiding judge orders, the opponent within twenty 21 days must produce to the claimant sufficient information concerning each product or process of the type or class specified by the claimant in its statement to enable the claimant to determine whether to claim that the product or process infringes.

Local Patent Rule 2-1(b).

Here, Defendants argue that Plaintiff's infringement contentions do not comply with the specificity requirements of Local Patent Rule 3-1(b) and (c) and must therefore be struck. Doc. #68. Defendants conceded at the February 23, 2022 discovery hearing that they have not produced

any discovery regarding infringement and argue that they should not be required to do so until the issue of patent ownership has been resolved.  Plaintiff argues that he will amend his preliminary infringement contentions once Defendants produce discovery that enables him to do so, but that he currently only has access to Defendants' websites, which do not offer sufficient information for "Plaintiff to compare the claim language directly to the internal portions of each Accused Instrumentality." Doc. #72 at 3.  Defendants do not dispute that said information is not currently available to Plaintiff despite this case being filed more than three years ago.  *See* Doc. #74 at 4.

As such, the Court finds that Plaintiff in good faith lacks sufficient information regarding the accused products and is entitled to discovery pursuant to Local Patent Rule 2-1(b). Furthermore, in light of the already extensive history of this case, the Court finds that bifurcation of ownership from all other issues in this case would not be convenient, avoid prejudice, or expedite and economize the resolution of this case.  *See* FED. R. CIV. P 42(b).

Accordingly, Defendants' Motion to Strike and Motion to Bifurcate are DENIED.  Within twenty-one (21) days from the entry of this Order, Defendants shall provide and produce to Plaintiff sufficient information and documents concerning each product, method or process specified by Plaintiff in his discovery requests served on July 5, 2019 to enable Plaintiff to determine whether to claim that the product, method, or process infringes.  Plaintiff shall file amended infringement contentions within thirty (30) days of said production.  The parties are further ordered to submit a joint proposed scheduling order reflecting these deadlines within fourteen (14) days of the entry of this Order.

It is so ORDERED.

AUG 1 6 2022
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4